UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMPARO MARIA C.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.:   3:24-cv-00708-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>[ECF No. 2] |

　　　　On April 19, 2024, Plaintiff Amparo Maria C. ("Plaintiff") brought this action against the Commissioner of Social Security, seeking judicial review of the Commissioner's final administrative decision denying her applications for Social Security Disability Insurance Benefits and Supplemental Security Income for lack of disability. ECF No. 1. Along with her Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2.

1

## I. LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $405[1] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## II. DISCUSSION

### A. Motion to Proceed IFP

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); UNITED STATES COURTS, DISTRICT COURT MISCELLANEOUS FEE SCHEDULE § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Here, in support of her IFP application, Plaintiff states in her affidavit that she was last employed in December 2022 and has received no income in the past 12 months other than $291.00 in food stamps each month, and she does not expect any income in the coming month. ECF No. 2 at 1-2. She has only $5.00 in her checking account and no assets other than a vehicle she shares with her sister. *Id.* at 2-3. Considering the information in the affidavit, the Court finds that Plaintiff has sufficiently shown an inability to pay the $405 filing fee under § 1915(a).

**B. Screening under 28 U.S.C. 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court "shall dismiss the case at any time" if the Court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. § 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

In the past, this Court and others have applied the familiar Rule 8 pleading standard to conduct the mandatory screening of complaints under the IFP statute in Social Security appeals brought pursuant to 42 U.S.C. § 405(g). *See, e.g.*, *Hoagland*, 2012 WL 2521753, at *2-3; (applying Fed. R. Civ. P. 8(a) to determine the sufficiency of a complaint in a

Social Security appeal); *Jaime B. v. Saul*, No. 3:19-CV-02431-JLB, 2020 WL 1169671, at *3 (S.D. Cal. Mar. 10, 2020) (same); *Detra H. v. Kijakazi*, No. 3:22-CV-01162-AHG, 2022 WL 4230547, at *2 (S.D. Cal. Aug. 10, 2022) (same). However, since the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) ("Supplemental Rules") became effective on December 1, 2022, the standard for screening complaints in the Social Security appeals context has changed. Now, to the extent that the Federal Rules of Civil Procedure are inconsistent with the Supplemental Rules, the Court must apply the Supplemental Rules rather than the Civil Rules. Fed. R. Civ. P. SUPP SS Rule 2 Committee Note. "Supplemental Rules 2, 3, 4, and 5 are the core of the provisions that are inconsistent with, and supersede, the corresponding rules on pleading, service, and presenting the action for decision." *Id.*

Rule 2 of the Supplemental Rules for Social Security Actions sets forth the requirements for a complaint in an action appealing the decision of the Commissioner. Accordingly, the Court must apply Rule 2 to determine whether Plaintiff's Complaint sufficiently states a claim for relief. Under that Rule, the complaint must:

(A) state that the action is brought under § 405(g);
(B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision;
(C) state the name and the county of residence of the person for whom benefits are claimed;
(D) name the person on whose wage record benefits are claimed; and
(E) state the type of benefits claimed.

Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-(E). Additionally, Rule 2(b)(2) provides that the complaint may "include a short and plain statement of the grounds for relief."

In her Complaint, Plaintiff (1) states that she brings this action pursuant to § 405(g); (2) identifies the final decision of the Commissioner to be reviewed as the Appeals Council's March 11, 2024 denial of Plaintiff's request for review of the Administrative Law Judge's ("ALJ") unfavorable decision dated September 14, 2023; (3) provides her name and city of residence, as well as her county of residence on the cover sheet; (4) states that she is claiming benefits on her own wage record; and (5) states the type of benefits

claimed, namely, both Title II Disability Insurance Benefits and Title XVI Supplemental Security Income. ECF No. 1 ¶¶ 1, 3, 7, 9; ECF No. 1-1. Plaintiff further includes a description of her grounds for relief in the Complaint, including that the ALJ did not state clear and convincing reasons for rejecting her subjective symptom and limitation testimony, that the ALJ did not properly weigh the medical evidence that Plaintiff had more limitations than were included in the residual functional capacity determination, and that the ALJ failed to properly evaluate her past relevant work. *Id.* ¶ 8(a)-(c).

Plaintiff's Complaint satisfies all pleading requirements of Rule 2(b) of the Supplemental Rules for Social Security Actions, and there is no indication that the Complaint is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. Accordingly, the Court finds that the Complaint survives screening under 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

In accordance with Rule 3 of the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions, and this District's General Order 747, a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Southern District of California office in lieu of service of a summons. No further action by Plaintiff is needed to effect service of the Complaint, as the Clerk's Office already transmitted the notice of electronic filing of the Complaint to Defendant in the instant case. *See* ECF No. 4, NEF ("The Notice of Electronic Filing of the complaint sent by the court to the Commissioner suffices for service of the complaint. The Plaintiff need not serve a summons and complaint under Civil Rule 4.").

**IT IS SO ORDERED.**

Dated: April 25, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge